# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:10-cr-00410-GMN-GWF |
| vs. | **ORDER** |
| ZELALEM BERHE, | Motion for Counsel to Refund Money for Breach of Contract (#60) |
| Defendant. | |

This matter is before the Court on Defendant Zelalem Berhe's Motion for Counsel to Refund Money for Breach of Contract (#60), filed on July 21, 2011; Opposition to Motion for Counsel to Refund Money for Breach of Contact (#63), filed on August 2, 2011; and Defendant Zelalem Berhe's Reply (#66), filed on August 10, 2011.  On August 10, 2011, the Court conducted a hearing in this matter in connection with Steven Wolfson, Esq., and Patrick McDonald, Esq.'s Motion to Withdraw as Counsel of Record (#59), filed on July 13, 2011.  The Court granted the Motion to Withdraw as Counsel (*see* #64), but reserved decision on the instant motion.

## BACKGROUND

The Defendant requests a refund of attorney's fees due to non-performance and a breach of the Attorney/Client Fee Agreement.  On September 30, 2010, Meheret Berhe retained the law firm of Steven B. Wolfson on behalf of her brother, Defendant Zelalem Berhe.  The Attorney/Client Fee Agreement (the Agreement) provided for a minimum flat fee deposit of $25,000 for attorney's fees.  That initial deposit did not include the cost of investigators, photographs, discovery or experts.  Ms. Berhe also signed an additional document acknowledging that she discussed the Agreement with the Defendant.  Upon retention, Mr. Wolfson began working the Defendant's case, and ultimately, the decision was made to file a motion to suppress.  After the motion was filed, but before the

hearing, Mr. Wolfson contacted the Defendant, informing him of the progress of the case, and requesting additional attorney's fees of $25,000 to be deposited into the trust account in the event that his case proceeded to trial. *See* Opposition, Exhibit 4.

On May 19, 2011, an evidentiary hearing was held on Defendant's motion to suppress. Due to a scheduling conflict, Mr. Wolfson's associate Patrick McDonald appeared on behalf of the Defendant at the hearing in place of Mr. Wolfson. On June 10, 2011, the Court issued a Report and Recommendation, granting in part and denying in part Defendant's Motion to Suppress. On June 24, 2011, Objections to the Report and Recommendation were filed. (*See* #54.) The Objections are now pending before the district court. On July 13, 2011, the Motion to Withdraw as Counsel of Record was filed by Mr. Wolfson and Mr. McDonald. Defendant then filed the instant motion requesting a return of his attorney's fees.

**DISCUSSION**

As a preliminary matter, the Court finds it has ancillary jurisdiction over this attorney-client fee dispute. "Courts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction." *Curry v. Del Priore*, 941 F.2d 730, 731 (9th Cir. 1991). Ancillary jurisdiction allows courts to adjudicate matters that come to light over the course of the case and "affect the court's ability either to render an efficacious judgment or to control the litigation before it." *Id.* "Ancillary jurisdiction encompasses motions to withdraw and fee disputes generated thereby." *Id.* (quoting *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir.1980)).

After reviewing the Attorney/Client Fee Agreement, the Court finds Mr. Wolfson and Mr. McDonald did not breach the Agreement such that a return of attorney's fees is warranted. The Agreement called for a minimum flat fee of $25,000 as a down payment. Although this Agreement was entered into by the Defendant's sister on his behalf, Ms. Berhe acknowledged that she discussed the Agreement with the Defendant (*See* Opposition, Exhibit 2), and Mr. Wolfson visited the Defendant at the North Las Vegas Detention Center and had the Defendant sign a document stating that he agreed to retain Mr. Wolfson's services.

Defendant claims that he understood the $25,000 to cover the entire cost of representation, and therefore since Mr. Wolfson and Mr. McDonald are seeking to withdraw as counsel, Defendant

is entitled to a refund of attorney's fees. However, the Agreement and the subsequent communications between Mr. Wolfson, the Defendant and the Defendant's family clearly outline that the $25,000 was an initial deposit and more money may be necessary if the case proceeds to trial. Mr. Wolfson and Mr. McDonald represented the Defendant through the conclusion of the evidentiary hearing and the filing of objections to the Report and Recommendation issued. Depending on the outcome of the filed objections, the next step in the litigation process would be trial preparation. During the hearing on the Motion to Withdraw as Counsel, the Defendant had no objection to Mr. Wolfson and Mr. McDonald's withdrawal as counsel. The Defendant represented to the Court that he does not have the money necessary to continue with retained counsel, and requested the Court to appoint counsel to represent him.

The Court finds no breach of the Attorney/Client Fee Agreement. The Court does not adjudicate on the reasonableness of the Agreement entered into on behalf of the Defendant except to state that a fee of $25,000 to represent the Defendant through this stage of the prosecution is not unconscionable. The Court further finds that Mr. Wolfson and Mr. McDonald competently represented the Defendant such that a refund of attorney's fees based on non-performance or lack of representation is not warranted. The Court will not, however, evaluate Mr. Wolfson and Mr. McDonald's representation as it relates to the Defendant's specific points of disagreement over how the case was handled. The Court therefore finds a refund of attorney's fees is not warranted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zelalem Berhe's Motion for Counsel to Refund Money for Breach of Contract (#60) is **denied**.

**DATED** this 22nd day of August 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**