# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,                ) | Case No.: 2:10-cr-410-GMN-GWF |
| )  | |
| Plaintiff,           )  | **ORDER** |
| vs.                                                             )  | |
| )  | |
| ZELALEM BERHE,                                        )  | |
| )  | |
| Defendant.           )  | |
| )  | |

Before the Court is the Honorable Magistrate Judge George Foley, Jr.'s Report and Recommendation on Defendant Zelalem Berhe's Motion to Suppress Evidence (ECF No. 49). Defendant filed an Objection (ECF No. 54) and the United States of America ("the Government") filed a Response (ECF No. 59). Defendant filed a timely Reply on July 27, 2011 (ECF No. 62).

The indictment in this case charges Defendant Berhe with Bank Fraud in violation of 18 U.S.C. § 1344, Possession of Fifteen or more Counterfeit and Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(3), Possession of Device Making Equipment in violation of 18 U.S.C. § 1029(a)(4), Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and Aiding and Abetting in violation of 18 U.S.C. § 2. Defendant's Motion to Suppress (ECF No. 33) seeks to suppress evidence that was discovered and seized from vehicles operated by Defendant Berhe during two police traffic stops. The first traffic stop occurred on February 7, 2010. The second stop occurred on May 4, 2010. Magistrate Judge Foley conducted an evidentiary hearing on this matter on May 19, 2011.

Regarding the February 7, 2010 traffic stop, Magistrate Judge Foley found that Officer Blackwell had reasonable suspicion or probable cause to stop Defendant's vehicle based upon

the information he obtained from the computer records check which demonstrated that the vehicle's California registration was suspended. *See Whren v. United States*, 517 U.S. 806, 812-3, 116 S.Ct. 1769, 1774 (1996); *United States v. Lopez-Soto*, 205 F. 3d 1101, 1104-05 (9th Cir. 2000). Magistrate Judge Foley found that the decision to impound the vehicle was consistent with the North Las Vegas Police Department's policy to impound a motor vehicle during a traffic stop when the police cannot determine who the lawful owner is and that the person operating the vehicle has the owner's permission to do so. The court accepted the officer's testimony that the inventory search was done according to the police department's procedures. Officer Blackwell testified that it is policy or practice to search closed containers found in the vehicle to be impounded before turning them over to the driver or occupants in order to make sure that no weapons are in the containers. He also stated that the contents may be examined to determine if the person is the owner or entitled to possession of them. Therefore, the court found that the inventory search was valid. Finally, Magistrate Judge Foley found that Officer Blackwell had probable cause to seize the items found during the inventory search as evidence of criminal activity based upon the totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983).

However, regarding the May 4, 2010 traffic stop, Magistrate Judge Foley found that the Government failed to prove that Officer Basner had reasonable suspicion or probable cause to stop Defendant's vehicle. Therefore, Judge Foley recommends that any evidence of criminal activity resulting from the stop should be inadmissible and suppressed.

Defendant filed Objections to Report and Recommendation (ECF No. 54) regarding the Magistrate Judge's decision as to the February 7, 2010 stop. Defendant makes the following objections with respect to the seizure of evidence: (1) it was error to find that reasonable suspicion existed to search the containers in the car; (2) the search was not sufficiently regulated to satisfy the fourth amendment; (3) it was error to conclude that the inventory search

was valid; (4) it was error to find that the seizure of evidence was not a fourth amendment violation; (5) the evidence obtained was through an illegal search and should be suppressed; and (6) the evidence would not have been inevitably discovered through legal means.

Title 28 United States Code, Sections 636(b)(1)(B) permits a district judge to designate a magistrate judge to "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations" for dispositive motions such as suppression motions. Upon a party's written objection to the magistrate judge's proposed findings of fact and recommendations, a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which object is made." 28 U.S.C. § 636(b)(1).

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 1-9 and considered the objections filed by the Defendant and determines that Magistrate Judge Foley's Report and Recommendations should be Accepted.

**IT IS HEREBY ORDERED** that Magistrate Judge Foley's Report and Recommendation (ECF No. 49) is **ACCEPTED** and Defendant's Motion to Suppress Evidence for Fourth Amendment Violation (ECF No. 33) is **GRANTED in part and DENIED in part**.

Defendant's Motion to Suppress is **DENIED** in regard to the evidence seized as a result of the stop and search and seizure that occurred on February 7, 2010; and

Defendant's Motion to Suppress is **GRANTED** in regard to the evidence seized as a result of the stop and search and seizure that occurred on May 4, 2010.

DATED this 1st day of November, 2011.

_____
Gloria M. Navarro
United States District Judge